IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID WEXLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3514 |
| | § | |
| | § | |
| FORWARD TIMES PUBLISHING CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In September 2018, David Wexler sued Forward Times Publishing Co., alleging violations of the Copyright Act and the Digital Millennium Copyright Act. (Docket Entry No. 1). The action arises from Forward Times's alleged publication of a photograph owned by Wexler on its website. (*Id*. at 1). Wexler has moved for default judgment, arguing that Forward Times has failed to answer or otherwise appear to defend the case. (Docket Entry Nos. 12, 13).

"A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted). The Fifth Circuit has explained:

> An entry of default is what the clerk enters when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*Id.* (emphasis omitted). The court must enter default when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Either the clerk or the court may enter default. *Pipe Wrap*

*LLC v. P3 Indus. Techs., Inc.*, No. H-08-822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009).

Before default can be entered, the plaintiff must submit evidence supporting that the defendant has been properly served. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at * 3 (W.D. Tex. July 5, 2018); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

Wexler has submitted an affidavit stating that Forward Times was served on December 13, 2018. (Docket Entry Nos. 6, 13). Forward Times failed to appear, answer, file a Rule 12 motion, or ask for more time to do so. The court enters default against Forward Times under Rule 55(a).

Nothing in the record indicates that Wexler has served the default-judgment motion on Forward Times by certified mail, as the court's local rules require. S.D. TEX. LOCAL R. 5.5. ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). The court denies Wexler's motion for default judgment, without prejudice. (Docket Entry No. 12). Wexler may renew the motion after serving Forward Times by certified mail.

SIGNED on May 6, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge